UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:16-cv-02931-SVW-JC | Date | March 8, 2017 |
|---|---|---|---|
| Title | Tranik Enterprises Inc. v. AuthenticWatches.com, Inc. et al | | |

| Present: The Honorable | STEPHEN V. WILSON, U.S. DISTRICT JUDGE | |
|---|---|---|
| Paul M. Cruz | | N/A |
| Deputy Clerk | | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: |
| N/A | | N/A |

| Proceedings: | IN CHAMBERS ORDER GRANTING PLAINTIFF'S MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION [107], DENYING MOTIONS TO REMAND AND DISMISS UNDER RULE 12(B)(6) AS MOOT [108][111]. |
|---|---|

### I.   Background

On April 4, 2016, plaintiff Tranik Enterprises Incorporated ("Plaintiff", "Tranik", or "Counter-Defendant") filed a complaint against defendants Yehuda Fulda ("Fulda") and AuthenticWatches.com (collectively, "Defendants" or "Counter-Claimants"). Dkt. 33-1 at 11 ("Compl.").

On August 2, 2016, Plaintiff filed his First Amended Complaint ("FAC"). Dkt. 25. Plaintiff alleged five claims against the Defendants: (1) violation of the Lanham Act; (2) violation of the Cal. Bus. & Prof. Code § 17500 *et seq.*; (3) trademark appropriation; (4) unfair competition; and (5) declaratory relief. *Id.* at 1.

On August 23, 2016, Defendants filed a counterclaim ("Counterclaim") against the Plaintiff alleging three claims against the Plaintiff: (1) violation of Cal. Civ. Code § 1770; (2) violation of the California Unfair Competition Law, Cal. Bus. & Prof. Code § 17200 *et seq.* ("UCL"); and (3) violation of the Cal. Bus. & Prof. Code § 17500 *et seq.* Dkt. 26 at 13-17.

On September 13, 2016, Counter-Defendants filed a motion to dismiss the Counterclaim pursuant to Federal Rule of Civil Procedure 12(b)(1). Dkt. 28. The motion was granted by the Court. Dkt. 36.

| | : | |
|---|---|---|
| | Initials of Preparer | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:16-cv-02931-SVW-JC | Date | March 8, 2017 |
|---|---|---|---|
| Title | *Tranik Enterprises Inc. v. AuthenticWatches.com, Inc. et al* | | |

The Defendants then filed a Second Amended Counterclaim on November 22, 2016. Dkt. 47. The Plaintiff filed a motion to dismiss the second amended counterclaim for lack of jurisdiction, Dkt. 50, but the Court granted leave for the Defendants to file Third Amended Counterclaims ("TACC") instead. The Defendants filed their TACC, which included eight causes of action. Dkt. 61. The Plaintiff has filed three motions in relation to the TACC: a motion to dismiss for lack of jurisdiction, Dkt. 107; a motion to remand to state court, Dkt. 108; and a motion to dismiss for failure to state a claim under Rule 12(b)(6), Dkt. 111. Those three motions are now before the Court.

**II. Factual Allegations**

The factual allegations involved in this case are now well-known to the parties. The Plaintiff brought five causes of action against the Defendants, while the Defendants have brought numerous counterclaims against the Plaintiff. Additionally, the Defendants have filed four different versions of their counterclaims against the Plaintiff, and the Court has already granted a motion to dismiss a previous version of the Defendants' counterclaims for lack of subject matter jurisdiction. Dkt. 36. Although the Defendants have added a great deal of additional legal allegations to its TACC, the factual allegations remain fairly consistent with their original Counterclaims. Dkt. 61.

Further, the Plaintiff's claims have already proceeded to a bench trial. The Court bifurcated the Plaintiff's original claims and the Defendants' Counterclaims because it found that they did not arise out of the same transaction or occurrence and there was no compelling reason to hear the claims together. Dkt. 58. The Court held a bench trial on the Plaintiff's claims, including its federal cause of action under the Lanham Act, on January 17, 2017. Dkt. 109. The Court entered judgment for the Defendants on all of the Plaintiff's causes of action. The Plaintiff subsequently brought motions to dismiss or remand the Defendants' Counterclaims. Dkts. 107, 108, 111. The Court addresses those motions in this Order.

Plaintiff is in the business of buying and selling watches over the internet. FAC ¶ 7. Plaintiff's principals—Berj and Shant Kacherian—registered the internet domain, AuthenticWatches.com, on June 24, 2010. *Id.* Berj and Shant Kacherian used the domain until November 7, 2001, at which point they incorporated Tranik. *Id.* Tranik has used the domain since November 7, 2001 to the present. *Id.*

On July 26, 2013, Fulda ordered an Oris watch from the Counter-Defendant's website, AuthenticWatches.com with the belief that Counter-Defendant was an authorized dealer. TACC, ¶ 9. After attempting to register the watch on the Oris website on August 8, 2013, Fulda was informed that (1) AuthenticWatches.com was not an authorized dealer, (2) there was no guarantee of authenticity, and

| | : | |
|---|---|---|
| | Initials of Preparer | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:16-cv-02931-SVW-JC | Date | March 8, 2017 |
|---|---|---|---|
| Title | *Tranik Enterprises Inc. v. AuthenticWatches.com, Inc. et al* | | |

(3) there was no warranty.  *Id.* at ¶¶ 10-12.   At this point in time, Fulda contacted Tranik by email wherein Tranik responded:

> Thank you for your email. There is no need to register the watch with Oris since the warranty is through our company AuthenticWatches.com not from Oris. Please note that we are not an authorized dealer as we stated on our website about our company. No online company is a authorized dealers. Authorized dealers can only be selling through there (SIC) actual store front. If an authorized dealer sells online, they will loose (SIC) there (SIC) licence to be an authorized dealer.

*Id.* at ¶ 13.   Furthering his email correspondence, Fulda asked "Where exactly on your website does it say that? I believed that was [sic] buying from an authorized dealer. What your say [sic] is not true [sic] Tourneau is [sic] authorized and so are others according to Oris website."  *Id.* at ¶ 15.

Fulda alleges that Counter-Defendants agreed to refund the shipping fees, but then the Counter-Defendant reneged on its word by asserting that he needed to pay custom and duties fees.  *Id.* at ¶ 16.  Additionally, Fulda contends that UPS denied applying such fees and asked the Counter-Defendant to send a copy of the bill which it failed to do.  *Id.* at ¶¶ 17-21.  In order to recoup the $120 shipping reimbursement, Fulda attempted to bring action against Tranik in small claims court on December 5, 2013, but could not identify Tranik's company from its website because AuthenticWatches.com, Inc. did not exist.  *Id.* at ¶ 31.

On January 7, 2016, Fulda registered the internet domain, AuthenticWatches.online.  FAC at ¶ 13. On January 14, 2016, Fulda registered Defendant AuthenticWatches.com, Inc. as a California corporation.  *Id.* at ¶ 15.  Also on January 14, 2016, Fulda opened a storefront on Amazon.com using the name "AuthenticWatches.com" to transact business.  *Id.* at ¶ 16. These actions by Defendants formed the basis of the Plaintiff's original trademark infringement claims.

Separately, Fulda alleges that the following verbiage on the AuthenticWatches.com website is false, misleading, and creates misperceptions: (1) "authorized dealer of high end jewelry"; (2) "global supplier of Swiss luxury watches for over three decades"; (3) "leads the global market with its unparalleled service"; and (4) Guaranteed Authentic and Certificate of Authenticity."  TACC at ¶¶ 34, 56, 58.  The Defendants allege that these misrepresentations form the basis of their counterclaims.

| | : |
|---|---|
| Initials of Preparer | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:16-cv-02931-SVW-JC | Date | March 8, 2017 |
| Title | *Tranik Enterprises Inc. v. AuthenticWatches.com, Inc. et al* | | |

### III. Motion to Dismiss for Lack of Subject Matter Jurisdiction

#### a. Legal Standard

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(1) allows a party to challenge the jurisdiction over the subject matter of the complaint. In doing so, the party invoking jurisdiction bears the burden of establishing that the Court has proper subject matter jurisdiction. *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 376–78 (1994). "In effect, the court presumes *lack* of jurisdiction until plaintiff proves otherwise." Schwarzer, Tashima & Wagstaffe, California Practice Guide: Federal Civil Procedure Before Trial § 9:77.10 (Rutter Group 2011) (citing, *inter alia*, *Stock West, Inc. v. Confederated Tribes*, 873 F.2d 1221, 1225 (9th Cir. 1989)) (emphasis in original). Additionally, "all factual allegations pled by the plaintiff must be accepted as true and construed in the light most favorable to the plaintiff." *Hernandez v. Hilltop Fin. Mortg., Inc.*, 622 F. Supp. 2d 842, 846–47 (N.D. Cal. 2007).

"[D]istrict courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367. A federal court has discretion to exercise supplemental jurisdiction "where there is a substantial [] claim arising out of a common nucleus of operative fact." *Hoeck v. City of Portland,* 57 F.3d 781, 785 (9th Cir.1995).

Where a complaint is dismissed, "leave to amend should be granted 'unless the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency.'" *DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992) (quoting *Schreiber Distrib. Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986)). "In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be 'freely given.'" *Foman v. Davis*, 371 U.S. 178, 182 (1962); *see also Sharkey v. O'Neal*, 778 F. 3d 767, 774 (9th Cir. 2015) (abuse of discretion to not apply *Foman* factors).

| | : | |
|---|---|---|
| Initials of Preparer | | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:16-cv-02931-SVW-JC | Date | March 8, 2017 |
| Title | *Tranik Enterprises Inc. v. AuthenticWatches.com, Inc. et al* | | |

### b. Discussion

The Court now finds that it lacks subject matter jurisdiction to hear this case and therefore it must be dismissed. The Defendants have repeatedly tried to demonstrate federal jurisdiction over their counterclaims, as evidenced by the four separate versions of counterclaims submitted to this Court. However, they have once again failed to demonstrate such jurisdiction in their TACC, and as a result this Court dismisses the TACC without leave to amend.

First, the Defendants assert diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)(2) because Plaintiff Tranik is a citizen of California and Defendant Fulda is a resident of Israel. TACC at ¶ 4. However, such citizenship is not sufficient to grant this Court diversity jurisdiction. Diversity jurisdiction is appropriate when the cause of action is between "citizens of a state and citizens or subjects of a foreign state." 28 U.S.C. § 1332(a)(2). However, that is not the case here, as Fulda is a citizen of the United States but domiciled in Israel. TACC at ¶ 4; First Amended Counterclaim, Dkt. 32, ¶ 1. Thus, Fulda is not a citizen of a foreign state but rather is a citizen of the United States, but with no domicile in any state within the United States. Courts have consistently held that a United States citizen who is domiciled in a foreign country does not meet the diversity requirement of § 1332. *See, e.g., Brady v. Brown*, 51 F.3d 810, 815 (9th Cir. 1995). There is no diversity because the action is not between citizens of two different states, as allowed under § 1332(a)(1), because in order to be a citizen of a state a person must be domiciled in that state. *See id.* (citing *Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 828 (1989)). Additionally, the action is not between a citizen of a state and an alien as allowed under § 1332(a)(2) because Fulda is a United States citizen, not an alien. Therefore, there is no basis for diversity jurisdiction under any provision of § 1332. The Court need not reach the issue of the sufficiency of the amount in controversy because the Defendant has not shown a diversity of citizenship.

Second, the Defendants assert federal question jurisdiction pursuant to 28 U.S.C. § 1331. TACC at ¶ 5.[1] The Defendants' second counterclaim is brought under the Magnuson-Moss Warranty Act ("MMWA"), a federal warranty law. 15 U.S.C. § 2301. While bringing a cause of action under federal law normally confers federal jurisdiction, the MMWA itself provides a jurisdictional threshold that must be met in order for a federal district court to hear a case. Specifically, a consumer who is damaged by a violation of the MMWA may bring a suit for damages or other relief in an appropriate district court of the

---

[1] However, the Defendants do not argue for federal question jurisdiction in its Opposition to this Motion, instead focusing on why this Court has diversity jurisdiction. Because the Defendants contend that this Court has federal question jurisdiction in its TACC, the Court will still analyze its federal question jurisdiction.

| | : |
|---|---|
| Initials of Preparer | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:16-cv-02931-SVW-JC | Date | March 8, 2017 |
|---|---|---|---|
| Title | *Tranik Enterprises Inc. v. AuthenticWatches.com, Inc. et al* | | |

United States, but not "if the amount in controversy is less than the sum or value of $50,000 (exclusive of interests and costs) computed on the basis of all claims to be determined in this suit." 15 U.S.C. § 2310(d)(3)(B). The Court now finds that the Defendants have not met the amount in controversy requirement for the MMWA. The TACC makes clear that the money damages suffered by the Defendants totals $120 from a shipping reimbursement that was not repaid. TACC at ¶ 31. However, the Defendants contend that the attorneys' fees for this case will reach an estimated $60,000, which would satisfy the amount in controversy requirement. Defendants' Opposition, Dkt. 118 ("Opp."), 7-8. This argument is unavailing, as the statutory language of the MWAA explicitly does not allow costs, including attorneys' fees, to count toward the amount in controversy. *See* 15 U.S.C. § 2310(d)(3)(B) (stating that a claim cannot be brought in district court "if the amount in controversy is less than the sum or value of $50,000 *(exclusive of interests and costs)*...") (emphasis added). Further, the statute itself defines "costs" to include attorneys' fees. *See* 15 U.S.C. § 2310(d)(2) (stating that a prevailing consumer "may be allowed by the court to recover as part of the judgment a sum equal to the aggregate amount of cost and expenses *(including attorneys' fees* based on actual time expended)...") (emphasis added). Additionally, numerous courts have found that the MMWA's amount in controversy requirement cannot be satisfied by attorneys' fees. *See, e.g., Boelens v. Redman Homes, Inc.*, 748 F.2d 1058, 1069 (5th Cir. 1984); *Gardynski-Leschuck v. Ford Motor Co.*, 142 F.3d 955, 958-59 (7th Cir. 1998). As a result, the Court finds that expected attorneys' fees cannot count toward the MMWA's $50,000 amount in controversy requirement.

Outside of attorneys' fees, the Defendants contend that the amount in controversy requirement may be satisfied because the cost to Tranik will be large if the Defendants are successful in acquiring injunctive relief on their warranty claims. For instance, the Defendants argue that because Tranik receives millions of dollars in sales each year and spends millions of dollars in advertising, any adjustments to advertising would cost Tranik over $50,000 and therefore satisfy the amount in controversy requirement. Opp. at 6-7. The Court finds these arguments much too speculative to satisfy the amount in controversy requirement. The Court does not find it plausible that a case involving $120 worth of damages actually involves over $50,000 in controversy simply because of vague and foundationless allegations regarding what might happen if a very specific injunctive relief is granted. The Defendants do not cite any compelling logical reason for the Court to conclude that their warranty claims will total over $50,000 worth of injunctive relief. The Defendants fail to identify any specific calculations that could lead the Court to such a conclusion. As a result, the Defendants may bring their MMWA claim in state court, but this Court does not have subject matter jurisdiction over a MMWA cause of action that totals less than $50,000. As the party invoking jurisdiction bears the burden of establishing that the Court has proper subject matter jurisdiction., *see Kokkonen.,* 511 U.S. at 376–78, the Court now finds that the

|  | : |
|---|---|
| Initials of Preparer | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:16-cv-02931-SVW-JC | Date | March 8, 2017 |
|---|---|---|---|
| Title | *Tranik Enterprises Inc. v. AuthenticWatches.com, Inc. et al* | | |

Defendants have not met that burden with regards to federal question jurisdiction. Thus, the Court finds it does not have federal question jurisdiction over the Defendants' Counterclaims.

Finally, the Defendants argue that this Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367. However, the Court has already ruled that it does not have supplemental jurisdiction over the Defendants' counterclaims because they do not arise from the same operative facts as the Plaintiff's federal causes of action. Dkt. 36 at 4. Further, the Court has granted judgment to the Defendants on the Plaintiff's claims, meaning that they cannot form the hook for federal jurisdiction. As the Court has found it does not have jurisdiction over the Defendants' federal law counterclaim, there are no claims remaining over which this Court has original jurisdiction.[2] As a result, this Court does not have supplemental jurisdiction over any of the Defendants' state law counterclaims.

Because this Court does not have diversity, federal question, or supplemental jurisdiction over any of the Defendants' counterclaims, the Defendants' TACC is dismissed under Federal Rule of Civil Procedure 12(b)(1). Further, as the Defendants have had four opportunities to plead their counterclaims and still have not demonstrated federal jurisdiction over their counterclaims, the Court finds that amendment would be futile due to the Defendants' repeated failure to cure the deficiencies in demonstrating jurisdiction. *See Foman*, 371 U.S. at 182. The counterclaims are dismissed without leave to amend but without prejudice in order to allow the Defendants to bring their counterclaims in state court. Because this Court has previously decided that the counterclaims were not compulsory, Dkt. 36 at 5, the Defendants may bring their claims in any state court with jurisdiction over the matter.

## IV. Order

For the reasons stated above, the Court GRANTS the Plaintiff's Motion to Dismiss the Counterclaim without leave to amend and without prejudice. The Defendants are ordered to bring their counterclaims in state court, if they so choose. As this Court has dismissed the Defendants' Counterclaims without leave to amend, the Plaintiff's Motions to Remand and Dismiss for Failure to State a Claim are DENIED as moot. Dkts. 108, 111.

The prevailing party shall submit a proposed judgment consistent with this order.

---

[2] To the extent that the Defendants rely on their Eighth Counterclaim for Declarative Relief under the Lanham Act for federal jurisdiction, the Court finds that the counterclaim for declarative relief has become moot after the Court's judgment for the Defendants on the Plaintiff's Lanham Act claim and thus is not sufficient to grant this Court subject matter jurisdiction.

|  | : |  |
|---|---|---|
| Initials of Preparer | | PMC |